## Toluba v. Hudson Coal Company

*Thomas C. Moore* and *John R. Verbalis,* for plaintiff.
*Bedford, Waller, Darling & Mitchell,* for defendant.

VALENTINE, P. J., for the court en banc, January 4, 1953.—This is on preliminary objection in the nature of a motion to strike off a complaint in trespass. Plaintiff is defendant's tenant. She seeks damages for personal injuries suffered as the result of a fall on the allegedly defective porch of the leased premises. She avers that by the lease defendant undertook to keep the premises in repair. She does not state whether the lease was oral or written, nor is any copy of a lease attached.

Defendant contends that under Pa. R. C. P. 1019 (*h*) plaintiff must state whether the lease was oral or in writing. Defendant, on the other hand, argues that the rule applies only to actions in contract.

Rule 1019 (*h*) reads in part:

"A pleading shall state specifically whether any claim or defense set forth therein is based upon a writing. If so, the pleader shall attach a copy of the writing, or the material part thereof, . . ."

Unlike section 9 of the Practice Act of 1915, rule 1019 (*h*) is not limited to contract actions. Nor need the complaint "state whether the contract was oral or in writing". It is only where the claim is based upon a writing that the complaint must contain an appropriate averment and in the absence of such averment, the basis of the claim is presumed to be oral. Such is the law in this county: Kewtick Corporation of California v. Barre Supply Co., Inc., 70 D. & C. 95; Fawcett v. Vulcan Iron Works, 40 Luz. L. R. 422, and Ledondici v. Wartella, 41 Luz. L. R. 319.

We are aware of the contrary conclusion reached in Chesla v. Shoyer, 68 D. & C. 345, criticized in Goodrich-Amram, section 1019 (*h*)-1, note 10, as "a regrettable misinterpretation of the Rule 1019 (*h*)".

Accordingly, the preliminary objection to the complaint is dismissed and defendant is given 20 days in which to file an answer on the merits.